UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAMELA ANNENBERG,

    Plaintiff(s),

v.

CLARK COUNTY SCHOOL DISTRICT,

    Defendant(s).

Case No.: 2:17-cv-03090-APG-NJK

**Order**

[Docket No. 26]

    The current cutoff expires in about a month, on July 10, 2018. *See* Docket No. 14. On June 14, 2018, the parties filed a stipulation to extend the discovery period by 90 days, or a whopping 50% extension of the presumptively reasonable discovery period that has already been set in this case. Docket No. 24; *see also* Local Rule 26-1; Docket No. 14. The Court denied that stipulation because it failed to show that the parties diligently conducted discovery and, indeed, the parties have completed no affirmative discovery to date. Docket No. 25. Moreover, the parties failed to show that the depositions at the heart of the request cannot be completed with reasonable diligence before the current discovery cutoff. *Id.*

    Now pending before the Court is the parties' renewed stipulation for a 90-day extension to the discovery cutoff. Docket No. 26. The renewed stipulation provides little additional information. In essence, it details some of the scheduling conflicts that have arisen with respect to depositions. *Id.* at 2. Of course, the parties have had <u>months</u> to schedule depositions and the stipulation fails to explain why there was no date available during the current discovery period to

1

complete the depositions.[1]  Parties are expected to utilize the entirety of the discovery period.  *See, e.g.*, *My Home Now, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 6433960, at *2 (D. Nev. Oct. 28, 2016).  No discovery has been completed to date, and the parties instead represent only that they provided initial disclosures.  Docket No. 26 at 1.  That they waited until the eve of the discovery cutoff to conduct discovery and ran into scheduling problems or wanted follow-up discovery is simply not good cause to modify the scheduling order.  *See, e.g.*, *Werbicky v. Green Tree Servg., LLC*, 2014 WL 5470466, at *2 (D. Nev. Oct. 27, 2014).[2]

Additionally, there is no justification provided why the Court should grant a three-month extension to the discovery period based on the scheduling conflicts identified.  *Cf. Reddy v. Precyse Solutions LLC*, 2015 WL 2081429, at *3 (E.D. Cal. May 4, 2015) ("courts generally find that one week to ten days' notice is reasonable" for depositions (collecting cases)).

In short, good cause is lacking for any extension to the discovery cutoff.  Nonetheless, <u>as a one-time courtesy to the parties</u>, the Court will allow a 14-day extension to the discovery cutoff.  The discovery cutoff is therefore extended to July 24, 2018.  No other deadlines in the scheduling order are altered.  **NO FURTHER EXTENSIONS WILL BE GRANTED.**

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: June 15, 2018

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

---

[1] For example, Plaintiff noticed depositions for May 9, 2018, but they were vacated due to defense counsel's participation in a two-week trial.  Docket No. 26 at 2.  The stipulation further provides that some unidentified deponents took vacation following the end of the school year in June.  *Id.*  These are scheduling conflicts that were obviously foreseeable.  Moreover, conspicuously absent from the stipulation is an explanation why the time between the identified trial and the end of the school year was not utilized to conduct depositions.

[2] The stipulation states cryptically that Defendant "may" propound written discovery following the identified depositions.  Docket No. 26 at 2.  Given that Defendant anticipates that depositions may result in a desire for follow-up discovery, it should not have waited until the twilight of the discovery period to notice depositions.