# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

PAMELA ANNENBERG,

  Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT,

  Defendant.

Case No. 2:17-cv-03090-APG-NJK

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

(ECF No. 7)

  Plaintiff Pamela Annenberg sues the Clark County School District (CCSD) for discrimination and retaliation under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). CCSD moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Annenberg failed to exhaust her administrative remedies and failed to state a claim for relief. Because Annenberg's complaint lacks any factual detail to support her claims, I grant CCSD's motion to dismiss under Rule 12(b)(6). But because that lack of factual detail precludes me from determining whether Annenberg exhausted her administrative remedies, I deny CCSD's motion under Rule 12(b)(1). I grant Annenberg leave to amend her complaint if she can add more facts to support her claims.

## I. **BACKGROUND**[1]

  Pamela Annenberg is employed as a Special Education Teacher at CCSD's Eldorado High School in Las Vegas, Nevada. She submitted a charge of discrimination with the EEOC on

---

[1] These facts are taken from Annenberg's complaint (ECF No. 1) and Equal Employment Opportunity Commission (EEOC) records attached to CCSD's motion to dismiss. *See* ECF No. 7 at 15–20. I take judicial notice of the EEOC charge of discrimination and decision underlying this case because it was incorporated by reference in the complaint. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). I also take judicial notice of Annenberg's 2014 EEOC charge of discrimination because it is an administrative record. Fed. R. Evid. 201; *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports of administrative bodies'"), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2:12-cv-01837-JCM-PAL; 2013 WL 4040791, at \*5 n.3 (D. Nev. Aug. 6, 2013) (taking

February 17, 2017, claiming she was "subjected to different terms and conditions of employment"[2] by John Anzalone, Principal of Eldorado High School, since May 2015. One of the adverse actions she pointed to in her charge of discrimination was "denial of hiring to the Severe Learning Disabled (SLD) teacher position."[3] She also contended that David Wilson, Principal of Eldorado High School,[4] subjected her to harassment and a hostile work environment since September 2015. She claimed this harassment consisted of Wilson "stating to [her] that Ron Lopez, CCEA Union Representative, and he are personal friends for a long time."[5] She informed CCSD of the hostile work environment, but no one investigated the claim or attempted to "correct" her work environment. Annenberg stated that she believed she was discriminated against because of her disability and age, and retaliated against for reporting the discrimination and harassment.

The EEOC dismissed her charge and issued a right to sue letter on September 27, 2017.[6] Annenberg filed this lawsuit a few months later, alleging that CCSD discriminated and retaliated against her in violation of the ADA and the ADEA. Annenberg's complaint alleges that she is 66 years old and suffers from "various diagnosed medical conditions, which are physical disabilities under the ADA."[7] She claims that she "endured various forms of discriminatory conduct based on her disability and age . . . which consisted of unfair criticisms by her supervisors, the interference with the implementation of her ADA based accommodations[,] unfair negative evaluations and reviews[,] unequal treatment, disparate treatment as opposed to other similarly

---

judicial notice of EEOC proceedings and documents submitted therein). Nothing contained herein is intended as a finding of fact.

[2] ECF No. 7 at 16.

[3] *Id.*

[4] Annenberg lists both Anzalone and Wilson as the Principals of Eldorado in her EEOC charge.

[5] *Id.*

[6] *Id.* at 18.

[7] ECF No. 1 at 2.

situated employees . . .[,] the denial of various workplace rights and protections . . .[,] retaliatory conduct . . . and other adverse conduct in violation of the ADA, the [ADEA] and federal law."[8] She also claims that CCSD discriminatorily attempted to remove her from her work location "without her approval or consent and/or in derogation of [CCSD's] policies" and "block[ed] [her] promotion or acceptance of an alternate teaching position."[9] She alleges that CCSD was on notice of the wrongful conduct but failed to protect her from harm.

Annenberg brings a single cause of action which she entitles "Violation of the [ADA], the [ADEA], and Nevada Law."[10] She contends that she suffered a hostile work environment, disparate treatment, and retaliatory conduct based on her age and disability. She claims that CCSD failed to adequately implement reasonable accommodations for her disability and CCSD's agents interfered with and denied the implementation of ADA accommodations. She also alleges that CCSD engaged "in conduct to criticize, chastise, and demean [her] based on her disability condition and age, in a harassing, hostile, and adverse manner."[11]

CCSD moves to dismiss Annenberg's complaint on two grounds.[12] CCSD first contends that I lack jurisdiction because Annenberg did not properly exhaust her administrative remedies. CCSD also argues that Annenberg's complaint is almost completely devoid of facts to support her conclusory statements of discrimination and therefore fails to state a claim for relief. Annenberg generally responds that the claims in her complaint are sufficiently related to her EEOC charge of discrimination to be considered exhausted, and that her complaint meets the liberal notice-pleading standard. In the alternative, Annenberg asks for leave to amend to add facts if I find that her claims are not adequately pleaded.[13]

---

[8] *Id.* at 2–3.

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] *Id.*

[12] ECF No. 7.

[13] ECF No. 9.

## II. DISCUSSION

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[15] The complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery.[16] Where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action.[17] "Factual allegations must be enough to rise above the speculative level."[18] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[19]

District courts must apply a two-step approach when considering motions to dismiss.[20] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[21] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[22] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[23] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[24] A claim is facially plausible when the complaint alleges facts that

---

[14] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

[17] *Id.*

[18] *Twombly*, 550 U.S. at 555.

[19] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[20] *Id.* at 679.

[21] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[22] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[23] *Iqbal*, 556 U.S. at 678.

[24] *Id.* at 679.

allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[25] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[26] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[27] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[28]

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[29] District courts should apply Rule 15's policy favoring amendments with "extreme liberality."[30] Nonetheless, I may deny leave to amend on the sole basis that the "proffered amendments would be nothing more than an exercise in futility."[31] One example of such futility is if the amended complaint provides no basis for subject matter jurisdiction.[32] Amendment of a complaint is also futile if the complaint as amended fails to meet Rule 8's pleading requirements.

### A. ADEA Discrimination

To make a prima facie case of age discrimination based on disparate treatment, Annenberg must show that: (1) she was at least 40 years old; (2) she was performing to CCSD's

---

[25] *Id.* at 663.

[26] *Id.* at 679 (internal quotation marks and citation omitted).

[27] *Twombly*, 550 U.S. at 570.

[28] *Iqbal*, 556 U.S. at 679.

[29] The deadlines for amendment as a matter of course under Rule 15(a)(1) have passed.

[30] *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

[31] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

[32] *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

legitimate expectation; (3) she suffered an adverse employment action; and (4) similarly situated individuals not in her protected class were treated more favorably than she was.[33]

Other than stating that she is 66 years old, Annenberg provides no other facts alleging that she was discriminated against because of her age. She provides only conclusory statements accusing CCSD of treating her unfairly and providing negative reviews, but she provides no factual support to help CCSD make sense of what she contends it or its agents allegedly did wrong. Annenberg alleges no facts tying CCSD's actions to discrimination based on her age, does not include any facts indicating that younger employees were treated more favorably than she was, and provides no factual support for the adverse actions she alleges occurred. So I dismiss Annenberg's ADEA disparate treatment cause of action for failure to state a claim.

### B. ADA Discrimination

To state a plausible claim for discrimination based on disparate treatment under the ADA, Annenberg must allege that: (1) she suffers from a disability under the ADA, (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation, and (3) CCSD discriminated against her because of her disability.[34] The ADA also "prohibits an employer from discriminating against a qualified individual with a disability by failing to make 'reasonable accommodations to the known physical and mental limitations' of that individual."[35]

Annenberg fails to state an ADA claim under either theory. Annenberg does not allege any facts to show that she suffered disparate treatment because of a disability. Annenberg does not identify what disability she believes CCSD discriminated against her for having or how CCSD discriminated against her. She provides a laundry-list of adverse action she claims CCSD took against her, including giving her negative evaluations and "unfair criticisms," but she does not allege any facts that plausibly link those adverse actions to her unidentified disabilities.

---

[33] *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

[34] *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1249 (9th Cir. 1999).

[35] *Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 680 (9th Cir. 2001) (quoting 42 USC § 12112(b)(5)(A)).

Annenberg's accommodations-based claim is also factually deficient. She offers no facts alleging that CCSD knew of her unidentified disabilities, when she reported her disabilities or to whom, or what reasonable accommodations she believes she was entitled to for her disabilities that CCSD denied. I therefore dismiss Annenberg's ADA discrimination and accommodation claims.

### C. Retaliation Claim

To state a retaliation claim under the ADA and the ADEA, Annenberg must allege that (1) she engaged in protected activity under the ADA/ADEA; (2) an adverse employment action was taken against her; and (3) a causal connection exists between these two events.[36] Annenberg's retaliation claim appears to be based on the same allegations supporting her claims for discrimination. It is therefore unclear what actions she took that prompted retaliation and which of CCSD's actions were retaliatory. Annenberg does not articulate when she was retaliated against, who retaliated against her, and what protected activity preceded the retaliatory act. I therefore dismiss Annenberg's retaliation claims.

### D. Hostile Work Environment Claim

Whether a plaintiff can bring hostile work environment claims under the ADA or the ADEA remains an open question. Assuming without deciding that such claims exist, courts would likely apply Title VII law.[37] Under that standard, to state a hostile work environment claim Annenberg must allege that: (1) she was subjected to unwelcome harassment; (2) because of her disability or age; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.[38]

---

[36] *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 849 (9th Cir. 2004); *Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th Cir. 1997).

[37] *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998).

[38] *See Johnson v. Riverside HealthCare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008) (discussing a hostile work environment claim under Title VII); *see also Silk v. City of Chicago*, 194 F.3d 788, 804 (7th Cir. 1999) (discussing a hostile work environment claim under the ADA by analogy to a hostile work environment claim under Title VII); *Dediol v. Best Chevrolet, Inc.*,

Annenberg's complaint sets out a handful of vague and conclusory allegations that do not support plausible hostile work environment claims. She contends that CCSD engaged in "conduct to criticize, chastise[,] and demean [Annenberg] based on her disability condition, in a harassing, hostile[,] and adverse manner."[39] Annenberg also states that her two supervisors, "among others," engaged in "openly harassing, hostile[,] and adverse conduct directed against [her] based on her disability condition and her over 40 age category" and recites the same conclusory allegations she relies on for her discrimination and retaliation claims to support her hostile work environment claims. Her allegations do not identify when the alleged conduct occurred, who it involved, or whether it was severe or pervasive. These conclusory allegations are insufficient to state a claim, so I dismiss Annenberg's hostile work environment claims.

### E. Nevada law claims

Annenberg's complaint also includes some references to the violation of Nevada law, based on the same allegations used to support her federal claims. Because I find that none of those federal causes of action states a claim, I find the same for Annenberg's state law claims.

### F. Exhaustion of Administrative Remedies

For a district court to have jurisdiction over an ADA or ADEA claim, the plaintiff must have exhausted all available remedies by timely filing a charge with the EEOC.[40] I cannot consider incidents of discrimination not included in an EEOC charge "unless the new claims are like or reasonably related to the allegations contained in the EEOC charge."[41] A claim is like or reasonably related to allegations in an EEOC charge if the claims "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[42] To make this determination, I consider factors such as "the

---

655 F.3d 435, 441 (5th Cir. 2011) (discussing a hostile work environment claim under the ADEA by analogy to a hostile work environment claim under Title VII).

[39] ECF No. 1 at 3.

[40] *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

[41] *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quotation omitted).

[42] *Id.* (quotation and emphasis omitted).

alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."[43]

Annenberg's EEOC charge of discrimination, filed with the help of the Nevada Equal Rights Commission, charged CCSD with discrimination based on retaliation, age, and disability.[44] In that charge, she alleged that CCSD refused to hire her for a Severe Learning Disabled teaching position, and hired a lesser-qualified person instead. She also alleged that she was subjected to a hostile work environment and received a documented negative performance observation "based on [her] known disability." She claimed that she informed the assistant principal of her medical condition and need for a reasonable accommodation.[45]

CCSD contends that Annenberg's charge of discrimination did not exhaust her claims because her complaint includes allegations that were not explicitly mentioned in the EEOC charge. But a claim can be exhausted if it is reasonably related to the allegations in an EEOC charge—it need not be stated verbatim. Given the conclusory nature of the complaint, I cannot determine with any certainty whether any of Annenberg's claims are reasonably related to the EEOC charge. So, at this stage I decline to find that I lack jurisdiction for failure to exhaust.[46]

**G.  Leave to Amend**

For each of her claims, Annenberg asserts that she has provided enough detail to state a claim. She accuses CCSD of "essentially demand[ing] that Annenberg set forth every single factual detail" in her complaint.[47] She claims that her entire complaint meets the pleading standard articulated in *Iqbal* and *Twombly*. As discussed above, I disagree. Annenberg's

---

[43] *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quotation omitted).

[44] ECF No. 7 at 16.

[45] *Id.*

[46] If Annenberg's amended complaint contains additional facts that were not exhausted by her EEOC charge, CCSD may re-raise this argument in a future motion to dismiss.

[47] ECF No. 9 at 11.

complaint is so devoid of factual support that I cannot determine whether her claims against CCSD are plausible, and it provides CCSD with little notice of the claims it must defend against. I reject Annenberg's general argument that the complaint as written is sufficiently pleaded.

Annenberg alternatively asks for leave to amend her complaint if I find it deficient, but does not include an amended complaint or any indication of what additional facts could be added to save her claims. CCSD contends that I should not grant Annenberg leave to amend because of these failures. But the Ninth Circuit requires that I grant leave to amend with "extreme liberality,"[48] and instructs that I should deny such a request only if amendment would be futile.[49] At this stage, I cannot find that granting leave to amend would be futile. Adding any number of facts could turn Annenberg's deficient complaint into a viable one. So I grant Annenberg leave to amend her complaint to add facts to support her claims.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant CCSD's motion to dismiss **(ECF No. 7) is GRANTED in part**. Plaintiff Pamela Annenberg's complaint is dismissed with leave to amend. If Annenberg wishes to proceed with this action, she must file and serve an amended complaint consistent with this order **on or before June 29, 2018.**

DATED this 15th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[48] *Webb*, 655 F.2d at 979.

[49] *Bonin*, 59 F.3d at 845.